```
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-12-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHAAD D. GUERRERO,

                Plaintiff,

- against -

LOCAL 32BJ SEIU, et al.,

                Defendants.

REPORT AND
RECOMMENDATION

09 Civ. 8470 (SHS) (RLE)

To the HONORABLE SIDNEY H. STEIN, U.S.D.J.:

## I. INTRODUCTION

On October 6, 2009, *pro se* Plaintiff Rashaad Guerrero filed a Complaint against Local 32BJ SEIU, and Allied International Union alleging violations of Title I of the Labor Management Reporting and Disclosure Act ("LMRDA"). On March 31, 2010, Guerrero filed a motion to amend his Complaint, adding Mayor Michael Bloomberg, the New York City Office of the Comptroller, and FJC Security Services. For the reasons that follow, I recommend that Guerrero's motion be **GRANTED** as to FJC Security Services, and **DENIED** as to Mayor Michael Bloomberg, and the New York City Office of the Comptroller.

## II. DISCUSSION

### A. Legal Standard

Generally, leave of court to amend pleadings should be freely given "when justice so requires." FED. R. CIV. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998);

*see Cevasco v. National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion to amend may be denied "where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." *Satcom Intern. Group PLC v. ORBCOMM Intern. Partners, L.P.*, No. 98 Civ. 9095 (DLC), 2000 WL 729110, at *23 (S.D.N.Y. June 6, 2000). "The burden to explain a delay is on the party that seeks leave to amend." *Id.* The Court considers many factors when determining prejudice, including but not limited to, "whether opposing counsel would be required to expend significant additional resources to conduct discovery and prepare for trial and whether the amendment will significantly delay the resolution of the dispute." *See Lacher v. C.I.R.*, 32 Fed. Appx. 600, 603, 2002 WL 480576 at *3.

## B. Guerrero's Allegations against FJC Security Services are Sufficient to Allow Amendment to the Complaint

Guerrero's motion seeks to add three parties, namely, Mayor Michael Bloomberg, the New York City Office of the Comptroller ("Comptroller"), and FJC Security Services ("FJC"). In his proposed amended complaint, he alleges that he is "owed a week's vacation pay." (*See* Plaintiff's Motion to Amend the Complaint ("Pl.'s Mot.").) The only allegation he makes as to FJC concerns her termination. (*Id.* unlabeled exhibit.) Specifically, he "charge[s] FJC Security Services Inc for being in collusion." (*Id.*) He asserts that he was "wrongfully terminated" on December 18, 2008, and that he filed grievances with Local 32BJ. (*Id.*) He claims that he "never went to arbitration," and "never had health insurance." (*Id.*)

Guerrero's claims do not actually make any allegations of wrongdoing against FJC. Any mention of FJC is only related to any alleged wrongdoing by Local 32BJ SEIU. Although

2

Guerrero alleges that he pursued a grievance process with Local 32BJ, he does not allege that he grieved to FJC, as dictated by the collective bargaining agreement. *See DelCostello v. Teamsters*, 462 U.S. 151, 163 (1983). However, Guerrero asserts in his Original Complaint that Local 32BJ acted in a "discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *See* Compl.; *DelCostello*, 462 U.S. at 164. "In such an instance, an employee may bring suit against both the employer and the union . . . ." *DelCostello*, 462 U.S. at 164. As such, I recommend that the proposed amendment to add FJC be **GRANTED**.

### C. Mayor Bloomberg and the Comptroller are Not Proper Parties and the Proposed Amendment is Futile

Guerrero seeks to add Mayor Bloomberg and the Comptroller. (*See* Pl.'s Mot.) Guerrero asserts that he is "charging" Mayor Bloomberg with retaliation, and that the Mayor has been participating in the collective bargaining process. (*Id.*) His allegation is merely speculative and completely without merit because he does not provide any facts or information to support his claim. Moreover, the Mayor is an improper party for a Title I lawsuit. Title I of the Labor Management Reporting and Disclosure Act ("LMRDA") concerns labor unions, not state agencies or agents. (*See* 29 U.S.C. §§ 410- 415.) As such, his motion to add Mayor Bloomberg should be **DENIED** as futile.

As to the Comptroller, Guerrero makes the same allegations concerning retaliation and the collective bargaining process. (Pl.'s Mot. unlabeled exhibit.) As is the case with the Mayor, his allegations as to the Comptroller are merely speculative and completely without merit. The Comptroller is also an improper party for a Title I lawsuit. As such, his motion to add the Comptroller should be **DENIED** as futile.

## III. CONCLUSION

In conclusion, I recommend that Guerrero's motion be **GRANTED** as to FJC Security Services, and **DENIED** as to Mayor Michael Bloomberg, and the New York City Office of the Comptroller.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

**Dated: April 12, 2010**
**New York, New York**

Respectfully Submitted,

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

4

**Copies of this Report and Recommendation were sent to:**

<u>Pro Se Plaintiff</u>
Rashaad D. Guerrero
1 Metropolitan Oval
Bronx, NY 10462

<u>Counsel for Defendants</u>
Andrew Lee Strom
Office of General Counsel SEIU
101 Avenue of Americas
New York, NY 10013
*Counsel for Local 32BJ SEIU*

David A. Mintz
Weissman & Mintz L.L.C.
80 Pine Street, 33rd Floor
New York, NY 10005
*Counsel for Allied International Union*